**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
<u>*Southern Division*</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| v. | *   **CRIMINAL NO. PWG-13-0436** |
| | * |
| **SAUNDRA L. WHITE,** | * |
| | * |
| **Defendant.** | * |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

<u>**MEMORANDUM OPINION**</u>

Defendant Saundra White brings this Motion for Hearing and Prompt Return of Seized Property, pursuant to either 18 U.S.C. §§ 981–83 or Fed R. Crim. P. 41(g). Defendant, purportedly joined by her non-party daughter, Britney White, seeks the return of three vehicles seized during the search of Defendant's home and requests an evidentiary hearing on this motion.[1] The Government, which currently is holding the vehicles pending trial as assets allegedly subject to criminal forfeiture, opposes both the motion and the request for a hearing, arguing that the motion can be resolved on the papers because the Government has statutory authority to hold the vehicles pre-trial. The Government further argues that Britney White does not have standing in this case. Because the Government has failed to obtain an appropriate court order or warrant authorizing its continued pretrial possession of the automobiles despite the existence of sufficient grounds for doing so, Defendant's motion will be granted unless the Government perfects its seizure of the vehicles within twenty-one days.

---

[1] The matter has been briefed fully. ECF Nos. 25, 29, 30, & 32. Defendant, again purportedly joined by Britney White, also filed a second motion, requesting "that the vehicles be returned as promptly as possible[] or that in the alternative a hearing be conducted prior to September 8." Req. for Prompt Hr'g 3, ECF No. 33. Having reviewed the filings, I find a hearing is not necessary. Loc. R. 105.6 & 207. As discussed *infra* in Part III.B, Defendant Saundra White is the only proper movant on the pending motions.

## I.    Background

On May 15, 2013, the United States filed a Criminal Complaint and Application for Search and Seizure Warrants against Defendant Saundra White, alleging that she had committed Wire Fraud and Aggravated Identity Theft as defined in 18 U.S.C. §§ 1343 & 1028A.  Crim. Compl., ECF No. 1.  Magistrate Judge Jillyn K. Schulze issued an arrest warrant for White that same day, Arrest Warrant, ECF No. 3, and Defendant was arrested and placed on pretrial release two days later, Order Setting Conditions of Release, ECF No. 8; Arrest Warrant Returned Executed, ECF No. 9.  At the time of Saundra White's arrest, the Government also executed a search warrant for her residence and office.  Gov't Opp'n 1.[2]  During the search of Defendant's residence, the Government found and seized three vehicles (the "Vehicles") that are the subject of this motion:  a 2008 Ford Escape (the "Ford"), a 2010 Lexus RX450H (the "Lexus"), and a 2011 Volvo C70 (the "Volvo").  *Id.* at 2.

Defendant was indicted for wire fraud and aggravated identity theft on August 19, 2013. Indictment, ECF No. 12.   The Indictment included forfeiture allegations, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), specifically listing the Vehicles[3] as property constituting or traceable to the proceeds of the offense and giving notice that Defendant would forfeit the listed property if convicted of the wire fraud charge.   Indictment 5.   Between Defendant's indictment on August 19, 2013 and the filing of this motion on M arch 31, 2014, neither party appears to have taken any further steps to perfect possession of or seek the return of the Vehicles.

Saundra White's motion seeks the release and return of the Vehicles pre-trial.   Def.'s

---

[2]      The search warrant itself is not on the docket, but it appears that the parties agree that the seizure of the vehicles was warrantless.  *See* Def.'s Mot. 2; Gov't Opp'n 10.

[3]      The Indictment appears to contain a typographical error where it describes the Volvo as a "2001 Silver Volvo C70" and lists the VIN number.  Indictment 5.  Both parties have referred to the Volvo seized and subject to the forfeiture allegation as actually being a 2011 Volvo, and no one has suggested that the wrong Volvo was seized.

Mot. 1.  Signed by defense counsel as well as by separate counsel representing Defendant's non-party daughter, Britney White, the motion argues that the Vehicles must be released because the Government has not commenced an administrative forfeiture against them within the time period required by 18 U.S.C. § 983.  *Id.*  Additionally, the motion asserts that the Ford and the Lexus are owned by Britney White, and therefore they are not subject to forfeiture in this case.  *Id.* Saundra White requests a prompt evidentiary hearing on this matter prior to the pre-trial motions hearing currently scheduled for September 8, 2014.  *Id.*; Request for Prompt Hr'g 3; Paperless Order Confirming Mot. Hr'g, ECF No. 31.

## II.    Applicable Forfeiture Law

### A.   *Civil and Criminal Forfeitures*

When the United States seizes property it believes constitutes or is derived from the proceeds of criminal activity, that property may be subject to forfeiture under several statutory schemes and by several legal mechanisms.  Among them is the Civil Asset Forfeiture Reform Act ("CAFRA"), Pub. L. 160-185 (2000), *codified at* 18 U.S.C. § 981 *et seq*., which authorizes and regulates both administrative and civil forfeitures.  18 U.S.C. §§ 981, 983.  If the United States seeks administrative forfeiture, which is a non-judicial proceeding, CAFRA requires it to send notice to any interested parties within sixty days of the seizure of forfeit property, or ninety days if the property was turned over by State or local law enforcement.   18 U.S.C. § 983(a)(1)(A).  That notice requirement allows a party to file a claim with the administrative agency demanding judicial resolution of the forfeiture instead.  18 U.S.C. § 983(a)(2)(A); *United States v. Martin*, 460 F. Supp 2d 669, 673 (D. Md. 2006) ("*Martin I*").  If such a claim is filed, the United States must file a judicial action to proceed with judicial forfeiture.  18 U.S.C. § 983(a)(3).

3

One such judicial forfeiture action is an *in rem* civil forfeiture claim against the property under a civil forfeiture statute such as 18 U.S.C. § 981.  An *in rem* forfeiture is brought directly against the property itself, and, if the Government succeeds in its claim, it takes possession of the entire property regardless of any interests claimed by third parties.  *See United States v. Cherry*, 330 F.3d 658, 669 n.16 (4th Cir. 2003).  An *in rem* claim does not depend on the culpability of the property owner, so there is no threshold liability or guilt determination to be made prior to forfeiture.  *See id.*  Because a third-party can lose her interest in a property that is forfeited *in rem*, the law allows for her to intervene and assert her interest in the property.   18 U.S.C. § 983(a)(2)(A); *see also id.*

A civil *in rem* claim is not the only option the Government has under CAFRA; it also may include forfeiture allegations in an indictment to begin a *criminal* forfeiture proceeding.  18 U.S.C. § 983(a)(3)(B)(ii)(I).   Congress created criminal forfeiture as an alternative to civil forfeiture to avoid having to bring a separate civil proceeding with or after every criminal case.  *United States v. McHan*, 345 F.3d 262, 267 (4th Cir. 2003).  While several statutes provide directly for criminal forfeiture when a specific crime is committed, *see, e.g.*, 18 U.S.C. § 982; 18 U.S.C. § 1963; 21 U.S.C § 853, the "'bridge' or 'gap-filler' between civil and criminal forfeiture" is 28 U.S.C. § 2461.  *United States v. Blackman*, 746 F.3d 137, 143 (4th Cir. 2014) (quoting *United States v. Vampire Nation*, 451 F.3d 189, 199 (3rd Cir. 2006)). 28 U.S.C. § 2461(c) provides for the criminal forfeiture of *any* property that otherwise is subject to civil forfeiture if it is related to a criminal charge with which the defendant has been charged.

Criminal forfeiture serves a different purpose than civil forfeiture.  Criminal forfeiture, although "not a separate conviction," nonetheless "constitutes part of the sentence, in that it is utilized to enhance the punishment of a defendant who has already been convicted of a particular

offense." *Cherry*, 330 F.3d at 669.  Consequently, criminal forfeiture is an *in personam* penalty against the defendant, *id.* at 668 n.16, and, if the defendant is convicted, the district court must order the forfeiture of any property derived from or traceable to the offense, *Blackman*, 746 F.3d at 143.  Because a criminal forfeiture is *in personam* against the defendant, and not *in rem* against the property, a third party may not intervene in the criminal proceedings to assert any rights to the property.

The different types of forfeiture are governed by different rules.  While civil forfeiture largely is governed by CAFRA, criminal forfeiture, whether sought under 28 U.S.C. § 2461 or under 18 U.S.C. § 982, is governed by the rules outlined in 21 U.S.C. § 853.  Pursuant to 21 U.S.C § 853(e)(1)(A), the United States may apply for an order restraining or otherwise protecting property subjected to forfeiture in an indictment.  This is an *ex parte* application, *see United States v. Monsanto*, 491 U.S. 600, 603–04 (1989), which requires the Government show probable cause (1) that the defendant committed the crime, and (2) that the property has the requisite connection to the crime, *Kaley v. United States*, --- U.S. ---, 134 S. Ct. 1090, 1094–95 (2014).  The only significant exception to a pre-trial asset restraining order is when the defendant needs access to seized assets to hire counsel of his choice *and* can show that the property in question is untainted by the crime alleged.  *United States v. Farmer*, 156 F.3d 784, 805–06 (4th Cir. 2001).

A final distinction also is significant.  Civil forfeiture, whether sought under 18 U.S.C. § 981 or another civil forfeiture statute, is permissive; the Government has discretion whether or not to bring an *in rem* proceeding against property, and a criminal conviction does not control a separate *in rem* proceeding.  But a court is required to enter a preliminary criminal forfeiture order at the time of sentencing if the indictment alleges the property is subject to forfeiture, the

Defendant is convicted of the associated offense, and the Government establishes the requisite nexus between the property and the offense.  Fed. R. Crim. P. 32.2(a), (b)(1); *see also* 18 U.S.C. § 981(a)(1)(D)–(E) (defining the property forfeitable in a wire fraud case as property which represents or is traceable to any property obtained, directly or indirectly, by way of the offense). A court does not have discretion in this area.  *See Blackman*, 746 F.3d 137 (reversing the district court's refusal to order forfeiture on the basis of Defendant's inability to pay).

### B.   41(g) Motions by Defendants in Criminal Cases

Federal Rule of Criminal Procedure 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return," and that "[t]he court must receive evidence on any factual issue necessary to decide the motion."  But a motion under Rule 41(g), or a similar civil equitable action, is of limited value to a defendant once a grand jury returns an indictment that contains allegations that the property is subject criminal forfeiture, because the grand jury's forfeiture allegation conclusively determines that there is probable cause to issue a pre-trial restraining order or seizure warrant if the property is connected to the alleged offense.  *See Kaley*, 134 S. Ct. at 1094–95.

The Court discussed this issue *Martin I*,[4]  in which a drug trafficking defendant was indicted a month prior to her arrest and, during the arrest, the Government seized various assets of hers pursuant to civil forfeiture warrants issued under 18 U.S.C. § 983.  460 F. Supp at 670–71.  The Government initiated administrative forfeiture and, shortly thereafter, a superseding indictment was returned, alleging that the seized assets were subject to criminal forfeiture.  *Id.*

---

[4]      In *United States v. Martin,* 662 F.3d 301, 303 (4th Cir. 2011) ("*Martin II*"), which was the direct appeal of *Martin I*, the Fourth Circuit addressed significantly different issues than the District Court's pre-trial opinion.  That discussion, however, is also helpful in this case.  *See infra* Part II.D.

Eventually, the defendant filed a claim[5] on the seized property, triggering CAFRA's 90-day window to file a judicial claim. *Id.*

The Government chose to pursue the criminal forfeiture allegations in the indictment, but failed to "take the steps necessary to preserve its right to maintain custody of the property" within ninety days, so the defendant moved for the return of her property pursuant to Fed. R. Crim. P. 41(g). *Id.* at 675 (quoting 18 U.S.C. § 983(a)(3)(B)(ii)). Finally, shortly after the 41(g) motion was filed, the government obtained criminal seizure warrants to maintain possession of the seized assets. *Id.* The district court ruled that that the 41(g) motion was mooted by the seizure warrants. *Id.* at 675–76. It reasoned that "[t]he criminal forfeiture statutes do not include a time limit; even if this Court required that the property be released today, the Government could turn right around, get a new criminal forfeiture warrant, and proceed with criminal forfeiture under the [] Superseding Indictment." *Id.* at 676.

### C.  Third Party 41(g) Motions

Property belonging to an innocent third party sometimes may be seized as part of a criminal investigation. In light of the separate use of the term "defendant" elsewhere in Rule 41, many courts have read the term "person aggrieved" in Rule 41(g) to incorporate an independent cause of action for third parties similarly to move for the return of property if the district court, in its discretion, exercises its general equitable jurisdiction. *See United States v. Comprehensive Drug Testing, Inc.*, 579 F.3d 989, 1001 (9th Cir. 2009) (en banc); *Kitty's East v. United States*, 905 F.2d 1367, 1370 (10th Cir. 1999); *Industrias Cardoen, Ltda. v. United States*, 983 F.2d 49,

---

[5]      Judge Titus actually found that the defendant's claim was not properly filed until after the statutory deadline, and held that failure to file an effective claim on the property was a sufficient basis to deny the motion for return of property. *Martin I*, 460 F. Supp. 2d at  673–74.  However, the opinion also included alternative analysis denying the 41(g) claim on the merits, which is valuable here. *Id.* at 675–77.

52 (5th Cir. 1993); *Black Hills Inst. of Geological Research v. U.S. Dep't of Justice*, 967 F.2d

1237, 1239 (8th Cir. 1992); *Mr. Lucky Messenger Serv., Inc. v. United States*, 587 F.2d 15, 16–

17 (7th Cir. 1978).  However, a third party only may bring such a pre-trial claim prior to criminal

forfeiture allegations in an indictment.  *See* 21 U.S.C. § 853(k).  Once an indictment containing

forfeiture allegations is returned, 21 U.S.C. § 853(k) imposes a bar on intervention and initiating

a civil action to recover the property:

> Except as provided in subsection (n) of this section, no party claiming an interest
> in property subject to forfeiture under this section may--
>
>> (1) intervene in a trial or appeal of a criminal case involving the forfeiture of
>> such property under this section; or
>>
>> (2) commence an action at law or equity against the United States concerning
>> the validity of his alleged interest in the property subsequent to the filing of an
>> indictment or information alleging that the property is subject to forfeiture
>> under this section.

*Id.*  Subsection (n) provides for an ancillary forfeiture proceeding that commences after the order

of forfeiture is entered, which, because criminal forfeiture is an aspect of sentencing, only can

occur after the criminal proceeding is completed.  *See Libretti v. United States*, 516 U.S. 29, 39

(1995).  Given that 21 U.S.C § 853 prohibits any other action to recover property allegedly

subject to forfeiture once a criminal case begins, a Rule 41(g) motion may only be brought to

return seized property that is not is alleged to be forfeitable in an indictment.

　　　In *United States v. McHan*, 345 F.3d 262 (4th Cir. 2003), the defendant was convicted of

drug trafficking and related offenses, and, pursuant to 21 U.S.C § 853, the district court entered a

preliminary order of forfeiture for roughly $1.5 million in assets obtained as part of his criminal

conduct.  *Id.* at 265.  The defendant's wife and sons claimed an interest in the seized assets

during the subsequent 21 U.S.C § 853(n) ancillary proceeding,[6] and the district court amended its

---

[6]　Because the claim in the district court was filed as part of an ancillary forfeiture
proceeding, it was not a 41(g) motion for pre-trial return of property.  However, the opinion on

forfeiture order to release some of the contested property to the family.  *Id.*

On appeal, the family argued that due process required they be heard prior to the preliminary order of forfeiture that initiated the 21 U.S.C § 853(n) ancillary proceeding.[7]  *Id.* at 269.  The Fourth Circuit held that this argument was foreclosed by Supreme Court precedent:

> In *Libretti*, the Supreme Court rejected the defendant's argument that a § 853(n) proceeding inadequately protected third parties' interests. The Court emphasized that "Congress has determined that § 853(n) . . . provides the means by which third-party rights must be vindicated."  . . . The Supreme Court's rejection in *Libretti* of challenges similar to those made by petitioners in this case and our holding in *Reckmeyer* require us to reject petitioners' claims that the statutory scheme denies them due process. Indeed, § 853(n) provides all of the process due. It requires that the petitioners receive notice of the order of forfeiture before its final implementation; that they be given a hearing; that they be allowed to present witnesses and evidence; and that they be permitted to cross-examine any witnesses who appear at the hearing. Due process does not require more.

*McHan*, 345 F.3d at 270 (citing *Libretti*, 516 U.S. at 44; *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976)).

The Fourth Circuit re-asserted this principle in *Bayview Loan Servicing LLC v. United States*, 288 F. App'x 63 (4th Cir. 2008).  In *Bayview*, the plaintiff was a creditor alleging an interest in a property subject to a forfeiture allegation in a criminal case.  *Id.* at 64.  Presumably recognizing that 21 U.S.C § 853(k) barred intervention in the criminal case, the plaintiff filed a separate complaint seeking a declaratory judgment with regard to its interest in the property.  *Id.* The district judge dismissed the plaintiff's claim and the Fourth Circuit affirmed, again noting that "the ancillary proceeding under § 853(n) is the exclusive remedy for third parties.  The statute prohibits any person claiming an interest in the property from commencing an action at law or in equity against the Government concerning the person's interest in the property."  *Id.*

---

appeal discussed whether the appellants' had a right to a hearing prior to the forfeiture proceeding to establish their property interest, so the discussion is helpful here given that Saundra White seeks such a hearing.  *See McHan*, 345 F.3d at 269.

[7]       It is unclear from the opinion whether they requested this hearing at the trial level.

### D. The Exclusionary Rule is Inapplicable

In her reply, Saundra White raises several Constitutional arguments that she did not raise in her motion.[8] Notably, she argues that the Vehicles were illegally searched and seized without probable cause or a warrant, so the Vehicles should be returned "as fruit of the poisonous tree." Reply 2, ECF No. 30. She does so citing to *Wong Sun v. United States*, 371 U.S. 471, 488 (1963), and *United States v. Bollin*, 264 F.3d 391, 421 (4th Cir. 2001), but ignoring *Martin II*, 662 F.3d at 305–06. However, in *Martin II*, which was cited and discussed in both White's motion and her reply, the Fourth Circuit held:

> Even assuming, without deciding, that the government seized Martin's property illegally, we cannot grant the remedy—the vacature of the property's later criminal forfeiture—that she seeks. *The illegal seizure of property does not immunize that property from forfeiture as long as the government can sustain the forfeiture claim with independent evidence*.

662 F.3d at 306 (emphasis added). *Martin II* makes clear that the cases developing and applying the exclusionary rule do not preclude criminal forfeiture of property seized, so the argument that the vehicles are "fruit of the poisonous tree" is without merit. *See id.*

### III. Claims

### A. The Notice Requirement of 18 U.S.C. § 983(a)(1)(A)

Saundra White appears to believe that the Government seeks, or is required to seek, civil forfeiture of the Vehicles pursuant to the Civil Asset Forfeiture Reform Act. *See* Def.'s Mot. 1–6. This distinction is important because she argues the civil forfeiture rules, not the criminal forfeiture rules, govern. For example, Defendant argues that the Government was required to

---

[8]     The practice of including in a reply memorandum new arguments not previously raised is highly disfavored, because it deprives the adverse party of an opportunity to address the argument. Accordingly, many courts decline to consider them. I have chosen not to do so in this instance, because I permitted a sur-reply to be filed, but I point out that it is an unwise and unfair practice for a party to raise new arguments in a reply memorandum.

begin administrative or civil forfeiture proceedings immediately upon seizure of the Vehicles, and that, because the Government did not, the Vehicles must be returned under the civil and administrative forfeiture rules in 18 U.S.C. § 983. Def.'s Mot. 1. This substantially misreads 18 U.S.C. § 983(a)(1)(A). The statute requires that "in any *nonjudicial* civil forfeiture proceeding under a civil forfeiture statute" the Government must begin forfeiture within 60 or 90 days of seizure. 18 U.S.C. § 983(a)(1)(A) (emphasis added). Such notice is important because it provides "someone who . . . is being threatened with nonjudicial administrative forfeiture the opportunity to proceed judicially instead." *Martin I*, 460 F. Supp. at 973. It is undisputed that the Government did not do that, so the Government now is barred from proceeding with nonjudicial forfeiture of the Vehicles. But the Government is seeking neither nonjudicial nor civil forfeiture, and, even if this case were civil, because the case is already before this Court it is certainly judicial at the present time, and the time requirement of 18 U.S.C. § 983(a)(1)(A) is irrelevant. *See Celata v. United States*, 334 F. App'x 801, 802 (9th Cir. 2009).

The remainder of 18 U.S.C. § 983 similarly is irrelevant because the Government has not brought a civil forfeiture action against the property in question—It seeks criminal forfeiture. The indictment, in which the grand jury found probable cause that the property was criminally forfeitable, alleges forfeiture under 18 U.S.C. § 981, the civil statute, *and* 28 U.S.C. § 2461, the criminal forfeiture "gap-filler" that gives the Government the authority to seek criminal forfeiture of property subject to civil forfeiture under a separate statutory scheme. Given that 28 U.S.C. § 2461(c) requires, as a prerequisite, that the property be subject to civil forfeiture, it was proper to give notice of the corresponding civil statute as part of a notice of criminal forfeiture allegations. Identifying 18 U.S.C. § 981 as a basis for 28 U.S.C. § 2461 criminal forfeiture does not begin a civil forfeiture action, nor does it waive the Government's option to seek civil

forfeiture at a later date.  18 U.S.C. § 983 would control such a proceeding; it does not control this one.

### B.  Britney White's Claim to the Ford and the Lexus

Britney White seeks to intervene to assert her ownership interest in two of the contested Vehicles and her attorney has purported to sign Defendant's motions on Britney's behalf. However, 21 U.S.C § 853(k) expressly bars intervention.  The appropriate—and only—time for Britney to assert her ownership interest in the contested Vehicles is *after* the entry of a preliminary forfeiture order, as provided in 21 U.S.C § 853(n).  *See Libretti v. United States*, 516 U.S. 29, 39 (1995); *United States v. McHan*, 345 F.3d 262, 269 (4th Cir. 2003).[9]  Thus, Saundra White is the only proper movant on the pending motions.  *See Libretti*, 516 U.S. at 39.

### C.  Saundra White's Claim to the Vehicles

Saundra White contends that the Vehicles are being held by the Government without statutory authority, a seizure warrant, or any other applicable court order, and that the Vehicles must be immediately returned.  The Government opposes the return of the Vehicles on two grounds:  first, that Saundra White has disclaimed any ownership interest in the Lexus and the Ford and therefore does not have standing to contest their seizure, and second, that the seizure nonetheless is valid because the Government has the legal grounds to obtain seizure warrants for the Vehicles.

The Government's argument that, by asserting that Britney White owns two of the contested Vehicles, Saundra White has relinquished her standing to seek their return, appears to invoke judicial estoppel.  To be judicially estopped from advancing an argument, (1) the party to

---

[9]     However, should it be determined that the Government has taken and held Britney's property, she well may be entitled to just compensation under the Takings Clause of the Fifth Amendment and the Federal Tort Claims Act.  *See Martin II*, 662 F.3d at 306 n.9.  "Such a remedy is unavailable, however, as to property . . . that is ultimately forfeited."  *Id.*

be estopped must take a position that is factually incompatible with one it took earlier in litigation, (2) the prior position must have been accepted by the tribunal, and (3) the party to be estopped must now take the inconsistent position intentionally to gain an unfair advantage. *Zinkland v. Brown*, 478 F.3d 634, 638 (4th Cir. 2007).   Considered in this light, the Government's argument is too clever by half.

There is no question that Defendant is arguing alternative positions—She argues that the Lexus and Ford belong to her daughter and that, in the alternative, the Government is without authority to hold them regardless of their owner.  Reply 12.  The doctrine of judicial estoppel, however, does not prevent the Defendant from arguing alternative theories of her case.  Even assuming, without deciding, that this alternative position is considered "factually incompatible" with Defendant's other position, Defendant would not be estopped from abandoning it because her contention that the Vehicles belong to her daughter has not been accepted by any tribunal. *See Zinkland*, 478 F.3d at 638.  In fact, Defendant is forced to argue in the alternative because the grand jury has already accepted the Government's position that there is probable cause that the Vehicles were Defendant's property subject to criminal forfeiture.  Defendant need not choose between disclaiming ownership of the Vehicles or seeking their release.

Saundra White also argues that the Government cannot hold *any* of the Vehicles because it has not obtained a valid seizure warrant as required to perfect a seizure under 21 U.S.C § 853(e)–(f).  The Government, relying on *Martin I*, argues that the lack of an existing seizure warrant is irrelevant because it has the grounds to obtain a seizure warrant or protective order. Gov't Opp'n 9–11; Gov't Sur-reply 7.  But the Fourth Amendment requires that a warrant must issue from a "neutral and detached magistrate." *Johnson v. United States*, 333 U.S. 10, 14 (1948).  The Government cannot decide unilaterally that it is entitled to one and, having done so,

13

dismiss the obligation to obtain a judicially authorized seizure order as an annoying ministerial inconvenience. And even assuming that the Government is correct that it easily could obtain a warrant, it has failed to do so. *See United States v. Bollin*, 264 F.3d 391, 421 (4th Cir. 2001).

Although the Government asserts that the Vehicles were seized as part of the execution of a search warrant for Saundra White's residence and office, Gov't Opp'n 1–2, it does not assert that a seizure warrant was issued that covered the Vehicles either as instrumentalities or proceeds derived from the alleged offenses. That the Government may be able to obtain an appropriate order or warrant under 21 U.S.C § 853(e)–(f) does not entitle it to treat the warrant requirement as a minor inconvenience, or excuse its failure to do so, and it is puzzling that the Government has engaged in this lengthy briefing when it insists it could correct the oversight easily. The Government now has held the Vehicles for over a year with the professed belief that a seizure warrant or protective order was justified, but has failed to act on that belief by seeking such an order. "To sanction such [actions] would affirm by judicial decision a manifest neglect, if not an open defiance, of the prohibitions of the Constitution, intended for the protection of the people against such unauthorized action." *Weeks v. United States*, 232 U.S. 383, 394 (1914). This I will not do. If the Government wishes to perfect its right to retain the Vehicles, it must do so within twenty-one days. Should the Government fail to do so, the Vehicles will be released.

## IV.    Conclusion

For the aforementioned reasons, United States will be afforded twenty-one days in which to obtain a seizure warrant for the Vehicles. Should it decline to do so, Defendant Saundra White's Motion for Return of Property will be granted. If the Government does obtain a seizure warrant, the Defendant's motions will be DENIED, for the reasons stated in this memorandum, upon receipt of a filing from the Government, demonstrating that it has obtained the warrant.

14

A separate order will follow.

_____/s/_____
Paul W. Grimm
United States District Judge