**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Criminal No. PWG-13-0436 |
| **SAUNDRA LUCILLE WHITE** | * | |

\* \* \* \* \* \* \* \* \* \* \*

**MOTION IN LIMINE TO EXCLUDE EVIDENCE OF FACT OF AND REASONS
BEHIND DEFENDANT'S DISBARMENT**

Ms. Saundra White, through counsel, hereby respectfully moves this Honorable Court to exclude all evidence of the fact of and reasons behind defendant's disbarment. Exclusion of this evidence is justified under Federal Rules of Evidence and 404(b) and 403 for the following reasons: 1) its prejudicial nature would outweigh its probative value, 2) its tendency to distract the jury from the main question of what actually happened on the particular occasions at issue in the trial, 3) the likelihood of confusing the issues at the trial, and 4) the fact that admitting such character evidence might result in an extended collateral inquiry. A hearing is requested on this motion. In support of this motion, Ms. White states the following:

**I.    THE EVIDENCE OF DEFENDANT'S PRIOR "BAD ACTS" IS NOT
        ADMISSIBLE UNDER RULE 404(b).**

1.    Ms. White is charged in a seven-count Superseding Indictment with mail fraud, wire fraud, money laundering, and aggravated identity theft. The Government has given notice that it will seek to introduce evidence of the fact that Ms. White, who was a practicing attorney for many years, was disbarred, as well as the reasons behind the disbarment.

2.      Based on information communicated by government counsel, it is anticipated that the government expects to present evidence that Ms. White was disbarred in Washington, D.C., Maryland and other jurisdictions, as well as present evidence of the reasons behind the disbarment.  The Government has produced, to date, over 240 pages related to disbarment proceedings, yet it has not specified exactly what documents it seeks to admit or what "reasons" for disbarment it seeks to introduce.

3.      As Your Honor knows, admission of "prior bad acts," requires the application of the "gate keeping" function of Rules 404(b) and 403.  The general rule is that evidence will be admitted if it is relevant.  Fed. R. Evid. Rule 402.  Rule 404(b) limits the admission of relevant evidence if the evidence relates to other charged or uncharged crimes, wrongs or acts. Such evidence would be inadmissible to prove the character of the person charged or in order to show that he or she acted in conformity with those other uncharged, unrelated crimes. The general rule of exclusion is based on the concern that a jury could infer that because a defendant had previously committed crimes or other bad acts, that the defendant is more likely to have committed the crime charged.

4.      Federal Rule of Evidence 404(b) provides as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, how ever, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

5. In *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997), the Fourth Circuit acknowledged that certain of its 404(b) decisions "appear to lack consistency." After addressing "some of the dangers that Rule 404(b) was intended to avoid," the Court restated a combined test for admissibility under Rules 404(b) *and* 403:

> [W]e hold that evidence of prior acts becomes admissible under Rules 404(b) and Rule 403 if it meets the following criteria: (1) The evidence must be relevant to an issue, such as an element of the offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the acted proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or element of the offense. (3) The evidence must be reliable. And, (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

*Id*. at 997.

**The Prior Bad Acts Are Not Being Offered For A Proper Evidentiary Purpose**.

6. The United States seeks to prove that the Defendant in this case is a criminal who has poses an economic danger, and they seek to prove it by introducing evidence of prior bad acts that are subject of a disbarment proceeding. This is precisely what 404(b) prohibits. Rule 404(b) prohibits evidence of other crimes or "bad acts" simply to demonstrate a defendant's criminal propensities or bad character—unless the defendant has put her character at issue. *See United States v. Davis*, 657 F.2d 637, 639 (4th Cir. 1981), *United States v. Johnson*, 634 F.2d 735, 737-38 (4th Cir. 1980).

7. Given the fact that the prior bad acts referenced in the materials provided by the government are completely dissimilar from the crimes actually charged in the present indictment,

no rule would permit admissibility of such materials. To reference one specific type of conduct, it appears that the disbarment proceedings were based in large part on Ms. White's alleged failure to disclose a conflict of interest. Here, the only crimes charged are mail fraud, wire fraud, money laundering, and aggravated identity theft. The lack of similarly between the prior acts and the present offenses eliminate the possibility that those acts are being offered to prove preparation, plan, knowledge, or absence of mistake.

II.     **THE EVIDENCE OF PRIOR BAD ACTS CANNOT SURVIVE A BALANCING TEST PURSUANT TO RULE 403.**

8.      Assuming the Court were to find that the United States had established a proper evidentiary purpose for the prior bad acts evidence, the Court must perform the balancing test of Rule 403. Accordingly, relevant other crimes evidence may be excluded if the probative value of the evidence is substantially outweighed by the danger of undue prejudice. *United States v. Tedder*, 801 Fl2d 1437, 1444 (4th Cir. 1986) (even if otherwise admissible, evidence may be excluded under Rule 403 if "the risk that the jury will be excited to irrational behavior is disproportionate to the probative value of the evidence"); and *United States v. Percy*, 765 F.2d 1199, 1204 (4th Cir. 1985 (same). Here, the introduction of facts of disbarment in multiple jurisdictions is likely to inflame the jury as it irrationally compounds the facts behind the disbarments. Ms. White was disbarred in Washington, D.C., then at least one other jurisdiction automatically followed suit.

9.      Further, Federal Rule of Evidence 403 provides that evidence although relevant may be excluded if it confuses the issues or misleads the jury. The facts behind Ms. White's disbarment are complex, as evidenced by the extensive briefing and findings and conclusions

contained in the 240+ pages of discovery produced by the Government. Asking the jury to wade through the assertions and conclusions would certainly be confusing and distract the jury from its focus on the facts alleged in the Superseding Indictment in this case.

10.  The government is also required to proffer a specific reason for the admissibility of such evidence. The government may not rely on the blanket assertion that the evidence falls under one of the accepted reasons for its admissibility pursuant to 404(b).

WHEREFORE, we respectfully request that Your Honor grant this motion and order that other crimes bad acts evidence be excluded under 404(b), or if deemed intrinsic, under Federal Rule of Evidence 403. Defendant may supplement this motion once Jencks material has been received.

Respectfully submitted,

JAMES WYDA
Federal Public Defender
  for the District of Maryland

/s/
LISA W. LUNT
DOUGLAS R. MILLER
Assistant Federal Public Defenders
6411 Ivy Lane, Suite 710
Greenbelt, Maryland  20770
Phone: 301-344-0600
Fax:    301-344-0019
Email: Lisa_Lunt@fd.org
      Douglas_Miller@fd.org

### REQUEST FOR HEARING

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, Ms. White requests a hearing on her motion.

/s/
Lisa W. Lunt
Douglas R. Miller
Assistant Federal Public Defenders