**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. PWG-13-0436** |
| | * | |
| **SAUNDRA LUCILLE WHITE,** | * | |
| | * | |
| **Defendant.** | ****** | |

**MEMORANDUM OPINION AND ORDER**

Defendant seeks revocation of her October 16, 2014 Detention Order, ECF No. 79, and a modification of the conditions imposed in her Release Orders dated May 17, 2013, ECF No. 8, and February 20, 2014, ECF No. 23. Defendant argues, pursuant to the Bail Reform Act, 18 U.S.C. § 3142, *et seq.*, that the October 16, 2014 Detention Order should be revoked because the Government failed to establish probable cause that Defendant committed a crime while on release and failed to show by clear and convincing evidence that Defendant had violated some other release condition. Defendant also contends that economic danger is not a proper basis to impose the order of detention and that the Magistrate Judge failed to consider alternatives to detention. With respect to her release orders, Defendant argues that the Magistrate Judge erred in imposing certain pretrial conditions. I find no basis to warrant revocation of Defendant's detention order or to modify Defendant's respective release orders. Accordingly, I deny the motion.

I. **BACKGROUND**

A criminal complaint against Defendant Saundra Lucille White was filed on May 15, 2013, alleging violations of wire fraud, in violation of 18 U.S.C. § 1343; aggravated identity

1

theft, in violation of 18 U.S.C. § 1028A; and misuse of Department of Treasury names and symbols, in violation of 31 U.S.C. § 333.  Compl., ECF No. 1.  In 2013, White, who was disbarred from practicing law in Maryland and the District of Columbia in 2011, allegedly mailed fraudulent notices from the Internal Revenue Service ("IRS") to her clients in a scheme to defraud.  *Id*.  On May 17, 2013, Magistrate Judge Jillyn K. Schulze issued a release order setting forth White's conditions of release.  May 17, 2013 Order, ECF No. 8.  The May 17, 2013 Order includes conditions directing White to "not open any new lines of credit/bank accounts unless approved in advance by pretrial services," "[n]otify any potential employer of instant offenses as deemed appropriate by pretrial services," and "maintain and actively seek employment as approved by [the] U.S. Pretrial Services Officer."  *Id*.  The order also advised White that "[v]iolating any of the foregoing conditions of release may result in the immediate issuance of a warrant for [her] arrest, a revocation of [her] release, [and] an order of detention."  *Id*.

On February 20, 2014, Judge Schulze held a bail review hearing at the request of White's pretrial services officer to address concerns regarding White's failure to advise pretrial services of her continued employment and her failure to notify her employers of her pending charge. Pretrial Mem. 2, Def. Mot., Ex. A, ECF No. 140-1.  At the hearing, Judge Schulze issued a modified order setting conditions of release, instructing White that she "[m]ust disclose any information to pretrial services regarding employment / additional work (including working with individuals); [and] [p]rovide verification of employment (pay stubs, list of clients, etc.) to pretrial services."  February 20, 2014 Order, ECF No. 23.  This order also advised White of the penalties of non-compliance.  *Id*.

On September 22, 2014, White was charged in a seven-count Superseding Indictment with mail fraud, in violation of 18 U.S.C. § 1341; wire fraud, in violation of 18 U.S.C. § 1343;

2

money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) & 1957; and aggravated identity theft, in violation of 18 U.S.C. § 1028A. Superseding Indictment, ECF No. 58. On October 14, 2014, the Government filed a "Motion Under 18 U.S.C. § 3145(a)(1) for Revocation of Release Order" seeking White's pretrial detention on account of her alleged engagement in criminal conduct and violation of her release conditions. ECF No. 70. Following a hearing on the matter, Magistrate Judge Schulze ordered White's detention. Order of Detention, ECF No. 79.

On December 19, 2014, White filed a Motion to Vacate Order of Detention Dated October 16, 2014 and Request for Expedited Hearing, contending that Magistrate Judge Schulze lacked authority to hear the Government's 18 U.S.C. § 3145 motion. ECF No. 106. I held a hearing on this matter on December 29, 2014 and denied the motion. ECF No. 108.

On April 15, 2014, White filed her motion to vacate the October 16, 2014 detention order and modify the May 17, 2013 and February 20, 2014 release orders ("Def.'s Mot."), ECF No. 140. The Government filed its Response ("Gov't Opp'n") on April 28, 2014, ECF No. 142. The time for a reply since has passed without a submission from White. *See* Loc. R. 207. The motion now is ripe and is before me.[1] Having carefully reviewed the filings, including a transcript of the October 16, 2014 detention hearing and recordings of the May 17, 2013 and February 20, 2014 bail review hearings held before Judge Schulze, I find no basis for revoking White's detention order and no basis for modifying White's orders of release.

## II. LEGAL STANDARD

Detention is authorized under the Bail Reform Act of 1984 if, after a hearing, the Court finds there is "probable cause to believe that the person has committed a Federal, State, or local

---

[1] The parties fully briefed this motion. *See* ECF Nos. 140 & 142. A hearing is not necessary. *See* Loc. R. 207.

crime while on release; or clear and convincing evidence the person has violated any other condition of release" and "there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person in the community; or the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b). Notably, the statute imposes a rebuttable presumption "that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community" where probable causes exists to believe that, while on release, the person committed a felony. 18 U.S.C. § 3148(b). The Court reviews *de novo* a magistrate judge's detention order. *United States v. Clark,* 865 F.2d 1433, 1437 (4th Cir. 1989).

### III.  DISCUSSION

#### a.  October 16, 2014 Detention Order

White first argues that Judge Schulze erred in revoking her pretrial release under 18 U.S.C. § 3148(b) because the Government failed to demonstrate that probable cause existed that White committed a crime while on release. Def.'s Mot. 7. White submits that probable cause is lacking because the Government proceeded by proffer and "did not produce any affidavits, live testimony, item tracking, or surveillance evidence to support the Government's conjecture that Ms. White mailed the suspicious letters." *Id*. at 8. Although the Bail Reform Act does not delineate how the Government is to proceed at a detention hearing, numerous federal circuits have held that evidence proffers by the Government may be adequate for a detention order, and that has been the consistent practice in this Court for many years. *See United States v. Acevedo-Ramos*, 755 F.2d 203, 208 (1st Cir. 1985); *United States v. Delker*, 757 F.2d 1390, 1397 (3d Cir. 1985); *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985); *United States v. Portes*, 786

F.2d 758, 767 (7th Cir. 1985); *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986). Relevantly, there is a significant difference between what is required to prove guilt in a criminal case and what is required to show probable cause for an arrest. *See Gerstein v. Pugh,* 420 U.S. 103, 120 (1975) (probable cause "traditionally has been decided by a magistrate [judge] in a nonadversary proceeding on hearsay and written testimony, and the Court has approved these informal methods of proof").  Here, the Government proffered that they had spoken with a client who hired White in June 2013 as her tax attorney and that White never informed her client that she had been disbarred or was under indictment. Hr'g Tr. 6:1 – 7:14, Gov't Opp'n, Ex. 7, ECF No. 142-1.  The Government presented two letters that White's client had received, purportedly from the Comptroller of Maryland—who had no record of mailing the letters—directing White's client to file tax returns with the state, *id*. at 7:18 – 9:10.  The letters purported to be from Annapolis but contained postmarks from the Capital District of Maryland.  *Id*. at 8:21–25.  These letters induced White's client to continue retaining White as her tax attorney.  *Id*. at 9:11–16. Significantly, the letters are consistent with the mail fraud scheme under which White is charged in the Superseding Indictment. *Id*. at 11:2–5.  Judge Schulze considered these facts in context and reasonably determined that the Government "made a very strong proffer to support their allegations [of White's fraudulent activity]," *id*. at 16:17.  These facts, taken together, amply demonstrate that probable cause existed to believe that White had committed a crime while on release, thus warranting revocation of her pretrial release.

White next contends that the Government failed to present clear and convincing evidence that she violated certain conditions of her release—specifically, that she opened a new line of credit or bank account without approval from her pretrial services officer and that she failed to notify any potential employer of her pending charges.  This assertion plainly lacks

merit. At the hearing, White's pretrial services officer presented uncontroverted evidence that White had opened up a new line of credit. *Id*. at 4:19. And, as previously discussed, the Government presented facts demonstrating probable cause to believe that White took on at least one client without disclosing to the client her pending charges. *Id*. at 6:1 – 7:14. Although White submits that she was engaged in "independent contracting for an existing client" such that her client was not an "employer" within purview of the release order, Def.'s Mot. 11, this reading of the release condition cannot reasonably be made when White, under indictment for charges relating to conduct she engaged in as a tax attorney, held herself out as a tax attorney and took on a client who paid thousands of dollars to White to perform tax work. Consequently, there exists clear and convincing evidence that White violated conditions of her release.

Additionally, White argues economic danger is not a basis for detention under 18 U.S.C. § 3142 because "[p]retrial detention may not be considered except under [the] carefully specified circumstances" identified in 18 U.S.C. § 3142(f)(1), none of which, she claims, apply to her. White is incorrect. Where, as here, a condition of pretrial release has been violated, revocation of a release order proceeds not under the initial release provisions of the statute, 18 U.S.C. § 3142, but under 18 U.S.C. § 3148, which sets forth markedly different standards for detention. *See* 18 U.S.C. § 3148(b)(2)(A) & (B). Under 18 U.S.C. § 3148, once probable cause exists that a person on pretrial release has committed a crime, the defendant is presumed to be a danger to the community. 18 U.S.C. § 3148(b). Moreover, economic danger may qualify as a basis for detention under 18 U.S.C. § 3148. *See United States v. Gill,* 2008 WL 2120069, at *3 (E.D. Cal. May 20, 2008) (quoting *United States v. Reynolds*, 956 F.2d 192–93 (9th Cir. 1992) (ruling in a violation of pretrial release hearing that "danger may, at least in some cases, encompass pecuniary or economic harm")); *United States v. Madoff,* 586 F. Supp. 2d 240, 253 (S.D.N.Y.

6

2009) ("The Court recognizes . . . that there is jurisprudence to support the consideration of economic harm in the context of detention to protect the safety of the community"). Here, in light of White's apparent willingness to "continue to engage in the conduct that [she] was forbidden to engage [in] . . . in a manner that is fraudulent and is a clear threat to the community," Hr'g Tr. 16:25 – 17:2, Judge Schulze correctly determined that White posed an economic danger to the safety to other persons and to the community.

Finally, White argues (in apparent disregard of the record) that Judge Schulze made no finding that White is unlikely to abide by any condition or combination of conditions of release or to consider an alternative to detention pursuant to 18 U.S.C. § 3148(b)(2)(A) & (B). Contrary to this assertion, Judge Schulze clearly explained on the record why "there are [no] conditions of release which will prevent the kind of activity that the Government is alleging," particularly because "everything that the Government has alleged is something that can be conducted from [White's] own home." Hr'g Tr. 16:14–20.

### b. May 17, 2013 and February 20, 2014 Release Orders

White also contends (without supporting authority) that Judge Schulze improperly imposed conditions in her initial order of release requiring White to seek or maintain employment and notify potential employers of the instant offense absent "any specific, written findings explaining why these particular conditions were necessary to reasonably assure [White's] appearance and community safety." Def.'s Mot. 4. White has cited no case law in support of this proposition. The relevant provisions of the Bail Reform Act provide that

> [i]f the judicial officer determines that [release on personal recognizance or unsecured appearance bond] will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person (A) subject to the condition that the person not commit a Federal, State, or local crime during the period of release . . . and (B) subject to

>the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required, and the safety of any other person and the community, which may include the condition that the person . . . (ii) maintain employment, or, if unemployed, actively seek employment . . . [and] (xiv) satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of the any other person and the community.

18 U.S.C. § 3142(c)(1). The statute does not require a judicial officer to make specific, written findings explaining why particular conditions are necessary. And, although White has not provided a transcript that would enable me efficiently to review the record before Judge Schulze, I have listened to the recording of the hearing that she held. *See Biles v. Md. House of Corr.*, 151 F.3d 1028, 1998 WL 372639, at *1 (4th Cir. 1998) (unpublished table opinion) (district judge must review transcript or tapes of proceedings before magistrate judge on *de novo* review). On *de novo* review, I conclude that Judge Schulze properly imposed the conditions at the recommendation of pretrial services—without objection from either White or the Government—to "assure the appearance of the person as required and to assure the safety of any other person and the community." *See* 18 U.S.C. § 3142(c)(1). Judge Schulze further noted that if White secured a job not involving financial transactions, she could avoid disclosing her pending charges. Nothing on the record before me supports White's assertion that Judge Schulze improperly imposed these conditions of release.

With respect to the February 20, 2014 release order, White again contends that the conditions imposed therein were invalid. The provisions of 18 U.S.C. § 3148, which govern sanctions for violation of a release condition, require a showing by clear and convincing evidence that the defendant has violated some condition of release. 18 U.S.C. § 3148(b)(1)(B). White argues that this burden was not met because her "self-employment" with individuals did not constitute a violation of the condition that she notify pretrial services of her employment and

notify her employers of her pending charge. I have listened to the recording of the February 20, 2014 hearing and I find no merit to this claim. It was established by clear and convincing evidence that White was hired to perform legal services and tax work for at least one client who had no knowledge of her disbarment or her pending charges, and as a consequence of this violation, Judge Schulze rightfully determined it necessary to modify the conditions of release to include the condition that she "[m]ust disclose any information to pretrial services regarding employment / additional work (including working with individuals)." February 20, 2014 Order, ECF No. 23.

## IV.   CONCLUSION

For the reasons stated above, Defendant's Motion Under 18 U.S.C. § 3145(b) for Revocation of the Detention Order Dated October 16, 2014, Modification of Orders Dated May 17, 2013 and February 20, 2014, And Request for Expedited Hearing, ECF No. 140, is DENIED.

It is so ordered.


Dated:  May 15, 2015                                                        /s/
                                                                    Paul W. Grimm
                                                                    United States District Judge




lq